## OCEAN CITY ASSOCIATION

*v.*

### SAMUEL SCHURCH.

[Filed December 7th, 1898.]

1. A preliminary injunction will not be granted to a grantor to restrain the violation of a covenant in a deed against doing business on the premises on Sunday, where it has been openly violated for several years by defendant

Ocean City Association *v.* Schurch.

grantee and by other grantees of the same grantor, including his tenants, under a like covenant, and where defendant has expended large sums in improving his property in reliance on the grantor's apparent abandonment of the restriction.

2. Laches of a covenantee in seeking to enjoin breaches of the covenant are not excused on the ground that the injunction sought is to prevent the doing of business on Sunday.

3. An injunction will not be granted to restrain the breach of a covenant on the ground that the acts complained of are criminal.

On bill, &c., answer, &c., and order to show cause.

*Mr. Charles E. Sheppard,* for the complainant.

*Mr. Clarence L. Cole,* for the defendant.

Grey, V. C.

The complainant in this bill is a corporation of this state which has sold land at Ocean City to a person under whom the defendant has possession by a deed containing a restrictive covenant to the effect that " no business of any kind whatever shall be carried on upon the said premises upon the Lord's day," &c. By the deeds passing the title by successive steps to the defendant's landlord, this and other restrictions were notified to the grantees, and by them accepted. The bill alleges that the defendant, for pay, delivers bathing suits and permits the use of bath-houses on the demised property upon the Lord's day in breach of the covenant, and prays that he may be enjoined from such breaches.

An order to show cause why a preliminary injunction should not issue, was made, and upon the coming in of the order the defendant answered the bill, substantially admitting the acts alleged, but averring that the deeds imposing the restriction referred to, contained many others which have for years been openly, persistently and numerously violated. As to the particular restriction prohibiting business on Sunday, the defendant states and proves that, for a number of years, he and others have conducted the bathing business upon that day upon lands formerly owned by complainant, and conveyed under like restric-

tions, and that the sale of ice cream and cigars, the butchering business and the hiring of boats have been conducted on Sunday at Ocean City on these lands, without interference, notwithstanding the restrictions in the deed; that the complainant's own tenants have, during the past summer and for years before that time, conducted on Sunday a bathing business immediately adjoining the defendant's place; that defendant has spent $10,000 in building and enlarging his bathing establishment, and has for ten years carried on a Sunday bathing business, and that complainant has never before taken any legal action to enforce the restrictions against defendant, or other bath-house keepers, and if complainant is permitted to stop Sunday bathing now, it will deprive the defendant of all profit from his investment.

The complainant insists that this is matter in confession and avoidance and cannot be considered on this application for a preliminary injunction, and cites *Carson* v. *Coleman, 3 Stock. 109,* as sustaining that position. That decision declared that it is the practice of this court, in cases where an injunction has been allowed, not to dissolve it upon an answer setting up new matter not responsive to the bill. Numerous decisions recognize the rule. *West Jersey Railroad Co.* v. *Thomas, 6 C. E. Gr. 205; Johnson* v. *Corey, 10 C. E. Gr. 315.*

The defence here made to the allowance of a preliminary injunction presents, however, the additional question of the laches of the complainant in applying for this remedy. The covenant in question was restrictive of the use which the defendant might make of the property in his possession. Like covenants, imposed by the same grantor, appear to have restrained other grantees of the complainant, and the proof shows that for years there has been such open, continued and notorious breaches of the restrictions by the defendant and other grantees, including complainant's own tenants, that it is impossible to believe they escaped the complainant's notice. No legal steps appear to have been taken to enforce these covenants against defendant and other bath-house keepers, and the defendant has spent large sums of money in improving his property, relying upon the apparent bandonment of the restrictions by the complainant.

In cases of this character it is the duty of a covenantee, if he desires to invoke the aid of this court to restrain breaches, to make his application with due diligence, else, because of his laches, a restraint will be denied him. *Roper* v. *Williams, 1 Turn. & R. 18,* was a case where, under a general plan, a covenant restricting to a certain character of building was imposed upon the grantees of a common grantor. Repeated violations of the covenant were permitted for some four or five months, then a bill was filed against a later offending grantee, seeking to restrain him from building in disregard of the covenant. Lord Eldon declared that in cases of this nature very little is sufficient to show acquiescence, and courts of equity will not interfere unless the most active diligence has been exerted throughout the whole proceeding. In every case of this sort the party injured is bound to make immediate application to the court in the first instance, and cannot permit money to be expended by a grantee, even though he has notice of the covenant, and then apply for an injunction. See, also, *Peek* v. *Matthews, 3 Eq. Cas. L. R. 514.*

The complainant insists that it is entitled to special consideration in its effort to restrain a breach of this covenant, because it is seeking to enforce the observance of the religious obligations to keep the Sabbath holy, and its application is in aid of the prohibitions of the Vice and Immorality acts, against the doing of business on Sunday.

This court will aid by its remedies in the enforcement of all lawful covenants where the applicants appear to have an equitable right to their use. But it cannot excuse from the obligation of diligent application because the remedy sought, would if granted, enforce a religious duty, whether of a Christian or a Hebrew.

So far as the complainant seeks the aid of this court because the acts of the defendant are obnoxious to the Vice and Immorality acts and in the nature of a crime, there is the highest authority for the refusal to allow an injunction simply to prevent the commission of a crime. Lord Eldon, in *Gee* v. *Pritchard, 2 Swanst. 413,* declared that the court had no jurisdiction

to prevent the commission of crimes.   This does not deny the preventive jurisdiction of this court to protect property from a threatened act which, if completed, would give a right of action. *Emperor of Austria* v. *Kossuth, 3 De G., F. & J. 240.*   But if the act to be restrained constitutes a crime only, and is not destructive of property nor of a character which will result in pecuniary damage, an injunction will not be allowed.   It is quite obvious, therefore, that the supposed criminal phase of the acts of the defendant cannot be considered by this court as a ground for equitable relief.   If the furnishing the means for a Sunday bath is the conducting of business ohnoxious to the criminal law, that law affords remedies quite as immediate in their restraint upon the criminal as is the process of this court. This relief has always been at hand and may yet be invoked without liability to the reply that the prosecutor has by delay acquiesced in the wrongdoing.

It may be suggested that the affording the opportunity for a Sunday bath is within the exception in the Vice and Immorality acts, that it is a work of necessity or of charity, but this is a matter which must be left to the determination of another court.

The stated breaches of the covenant do not appear to inflict any pecuniary loss upon the complainant, nor has their public persistent character heretofore led the complainant to apply for a restraint.   As a preliminary injunction might be the cause of great pecuniary loss to the defendant, I see no sufficient reason to change the situation, pending the suit, from that in which the complainant has for some years been content to leave it.

I will advise an order dismissing the order to show cause and the *ad interim* restraint.